UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kessev Tov, LLC, | ) | Case No. 1:20-CV-04947 |
| | ) | |
| Plaintiff, | ) | Honorable LaShonda A. Hunt |
| | ) | Honorable Laura K. McNally |
| vs. | ) | |
| | ) | |
| CTC, LLC and Optiver US, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| Pajoje Development, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:20-CV-04948 |
| vs. | ) | |
| | ) | Honorable LaShonda A. Hunt |
| CTC, LLC and Optiver US, LLC, | ) | Honorable Laura K. McNally |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THE PARTIES' JOINT STATUS REPORT**

Pursuant to orders entered by this Court in Case No. 1:20-CV-04947, Dkt. 111, and Case No. 1:20-CV-04948, Dkt. 95, Defendants CTC, LLC ("CTC" and Optiver US, LLC ("Optiver) (collectively, "Defendants") and Plaintiffs Pajoje Development, LLC and Kessev Tov, LLC ("Plaintiffs") (together, the "Parties") submit the following Joint Status Report updating this Court on the status of discovery:

**Status of Settlement Between Plaintiff and CTC**

1. As previously represented to the Court, Plaintiffs and CTC reached a settlement in principle to resolve this matter and anticipate moving to dismiss CTC. The parties are continuing to negotiate the terms of the settlement agreement.

**Written Discovery**

2. Plaintiffs and Optiver are continuing to negotiate the remaining unresolved items regarding written discovery. Since the last status hearing on December 12, 2024, Optiver has produced additional communications and logs, and the parties participated in a meet and confer on January 7, 2025. Although Optiver and the Plaintiffs have not yet reached agreement on all of the discovery items, they are working cooperatively and do not currently require the Court's assistance other than for the issue set forth below.

3. Since the last status hearing on December 12, 2024, third Party Interactive Brokers has completed its productions in response to two subpoenas.

**Remaining Depositions**

4. As set forth in the Court's prior orders, Plaintiffs are permitted to take the deposition of Xiao Tan and a Rule 30(b)(6) corporate deposition subject to agreement on appropriate deposition topics.

5. On January 7, 2025, the Plaintiffs and Optiver participated in a meet and confer to discuss the topics and Optiver's objections. Although the Plaintiffs and Optiver have not yet reached agreement on the appropriate topics, they are working cooperatively and do not currently require the Court's assistance.

6. The Parties anticipate being able to complete both remaining depositions by approximately mid-February.

**Plaintiffs' Motion to Compel "All Communications" from the S&P Options Trading Desk from August 21-28, 2015**

    **Plaintiffs' Statement**

7. The Plaintiffs requested "all communications" relating to orders placed in the S&P 500 options market on the Cboe (RFP No. 7) and "all communications . . . between any person working on the S&P 500 trading desk and any person concerning S&P 500 options" (RFP No. 10) for a narrow one-week time period at issue in this case – August 21-28, 2015 -- in their initial discovery responses.

8. Rather than produce "all communications" as requested, the Defendants created a list of search terms and produced responsive documents that were "hits" for those terms in its Production 2 on August 6, 2024, which included 892 documents with Bates range OPTIVER-0001685-0008505.

9. At a meet and confer, the Plaintiffs again requested that Defendants produce "all communications" from this narrow time frame not limited by search terms. Instead, the Defendants created a list of additional search terms and subsequently produced responsive documents that were "hits" for those terms in its Production 4 on October 1, 2024, which included an additional 151 documents with Bates range OPTIVER-0008508-0009146.

10. At another meet and confer, the Plaintiffs again requested that Defendants produce "all communications" from this narrow time frame not limited by search terms. Instead, the Defendants created an additional list of search terms, and refined prior search terms, and subsequently produced two additional productions of responsive communications that were "hits" for those terms – Production 5 on December 4, 2024, which included an additional 188 documents with Bates OPTIVER-0009147-0010105, and Production

3

6 on December 19, 2024, which included an additional 186 documents with Bates range OPTIVER-0010106-0010906.

11. The Parties conducted another meet and confer on January 7, 2025, and Optiver advised that it will not conduct any additional review of the remaining communications from the S&P 500 trading desk. Optiver stated that there are a total of approximately 5,500 communications for the S&P 500 trading desk from the Aug. 21-28, 2015, time period, and that Optiver has already reviewed roughly one half of these communications as part of its productions of communications to date.

12. Plaintiffs believe that requiring Optiver to review the remaining +/- 3,000 communications and to produce "all communications" that are responsive to the Plaintiffs' requests is narrowly tailored, not overly burdensome, and is extremely likely to lead to the production of relevant documents that are critical to the Plaintiffs' case. Plaintiffs' note that documents that were produced in Optiver's subsequent productions have proved highly relevant to the claims at issue herein, and documents from Production 5 were used in the Scott Richardson deposition, which demonstrates their relevance and importance to the Plaintiffs' case. Importantly, Plaintiffs asked Optiver for "all communications" in their initial discovery requests issued in February 2024, and have repeatedly requested "all communications" from Optiver in subsequent meet and confers held this Fall for the limited one-week period. Thus, Plaintiffs have not waited until the 11th hour of discovery to request that Optiver review "all communications" and produce all remaining relevant communications, but rather Plaintiffs have diligently continued to seek this limited set of documents. This is a case

which alleges large-scale spoofing on the market for S&P 500 options, affecting millions of dollars in trades, thus this request does not seem overly burdensome.

13. Plaintiffs welcome the opportunity to file a formal Motion to Compel to require Optiver to review the remaining + /- 3,000 communications from this narrow time period that ae relevant, if the Court prefers.

**Optiver's Response**:

14. Optiver has conducted a more than reasonable search of relevant communications, gathering and identifying communications from a list of 14 custodians and using search terms reasonably designed to capture communications about the trading of S&P 500 options (and related products).

15. Optiver has pulled all e-communications for these 14 different custodians for the period from August 21, 2015 to August 28, 2015 that include one or more of the following terms:

- "S&P"
- "S&P 500"
- "SandP 500"
- "S and P 500"
- "S&P500"
- "SandP500"
- "S and P"
- SP
- SPX*
- SPY
- IVV
- Weeklies
- "limit down"
- "firm quote" w/5 waive
- "firm quote" w/5 waived
- "firm quote" w/5 waiving
- Trading w/5 stop
- Trading w/5 stopped
- Trading w/5 stopping

5

- Halt
- Halted
- Panic
- Volatility
- Vols

16. Five of the 14 custodians were added at the request of Plaintiffs after Optiver had run initial searches, and includes individuals who did not work on Optiver's S&P desk.. Also, many of the search terms were added based on the results of initial searches that provided additional clarity as to how Optiver employees described the relevant trading activity during the relevant time period and the market conditions on August 24, 2015 – the day on which Plaintiffs allege that Optiver engaged in improper activity.

17. These searches resulted in the collection of 2,075 e-communications, including emails, instant messages, and electronic chats. Optiver reviewed each of these communications for responsiveness, which was a lengthy and manually intensive process, in large part because of the large number of extremely long chats, some of which extend multiple days. Of the 2,075 communications, Optiver determined that 1,285 were potentially responsive and produced them to Plaintiffs.

18. Plaintiffs have asserted that they would expect to see more communications in light of the market conditions on August 21, 2015 and August 24, 2015, but this assertion is undermined by the testimony of the two Optiver witnesses who testified that S&P Options traders all sat in the same office, in two back-to-back trading desk rows, and primarily communicated verbally. In fact, the communications that Optiver has gathered and reviewed to date constitute a large percentage of all of the communications of the 14 custodians (5,473), indicating that the search terms were comprehensive.

6

19. There is simply no basis to compel Optiver to collect and review the 3,398 e-communications that do not contain a single one of the search terms listed above. There is no reason to believe that any of those communications would be relevant or responsive, much less warrant burdening Optiver with yet another communications search and review at the tail end of discovery. Indeed, this burden far outweighs any potential benefit.

20. Plaintiffs characterize Optiver's position as refusing to produce all responsive communications. That is not Optiver's position. Optiver has conducted comprehensive searches using expansive search terms across numerous custodians to identity responsive documents. In short, it has more than fully responded to Plaintiffs' discovery requests and complied with its obligations under the Federal Rules of Civil Procedure.

Dated: January 10, 2025

Respectfully Submitted,

/s/ *Jason W. Burge*
Alexander Loftus, Esq.
David Eisenberg, Esq.
Loftus & Eisenberg, Ltd.
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
C: 312.772.5396
alex@loftusandeisenberg.com
david@loftusandeisenberg.com

Jason W. Burge, *pro hac vice*
SBN (LA) 30420
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jburge@fishmanhaygood.com

*Attorneys for Plaintiffs*

/s/ *Ellen M. Wheeler*
Thomas P. Krebs
Ellen M. Wheeler
Ryan J. Lowry
Foley & Lardner LLP
321 North Clark Street, Suite 3000
Chicago, Illinois 60654
Telephone: 312.832.4500
tkrebs@foley.com
ewheeler@foley.com
rlowry@foley.com

*Attorneys for Defendants*